UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE OF NEVADA and CLARK COUNTY, *ex rel.* DAVE PRATHER, <br><br>Plaintiffs, <br><br>v. <br><br>3000 PARADISE ROAD, LLC, <br><br>Defendant. | Case No. 2:13-cv-02331-APG-GWF <br><br><br>**Order Granting Motion to Dismiss, Denying Motion to Amend Complaint, and Denying Motion to Extend Time** <br><br>(Dkt. ##5, 13, 15) |

Defendant 3000 Paradise Road, LLC ("Paradise") has moved to dismiss with prejudice Plaintiff Dave Prather's Complaint under FRCP 12(b)(2) for lack of personal jurisdiction and under FRCP 12(b)(5) for insufficient service of process. (Dkt #5.) Prather has not filed a response to that motion. However, Paradise attached to its reply a copy of an unfiled Response which Prather apparently mailed to Paradise but never filed. (Dkt. #10-1 at 2.)

Prather filed this action in Nevada state court under the Nevada False Claims Act. (Dkt. #1-1 at 2 (citing NRS § 357.010 *et seq.*).) Paradise removed the case to this court under 28 U.S.C. § 1332(c). (Dkt. #1 at ¶ 8.) It appears the Prather's claims are predicated on his allegation that Paradise somehow misled the Nevada Department of Taxation into applying an incorrect property tax assessment method to the LVH Hotel & Casino. (Dkt. #1-1 at 2-5.) While on its face the Complaint states that it was filed under seal, Paradise asserts that Prather failed in that regard. (Dkt. #5 at 3.) Paradise also asserts that Prather failed to properly deliver a summons and the Complaint to Paradise. (*Id.* at 2.)

After Paradise filed its motion to dismiss, Prather moved for permission to amend his

Complaint. (Dkt. #13.) However, he failed to attach a copy of the proposed amended complaint, as required under Local Rule of Practice 15-1(a). Even worse, his motion is devoid of any explanation as to what he would allege in an amended complaint. Prather also filed a Motion to Extend Time regarding the pending motions. (Dkt. #15.) Apparently, he was waiting for the Nevada Attorney General to provide him with "certain details as a result of their (sic) NRS § 357.070 investigation," and believed that "[m]uch [could] hinge on what facts and other information relator may be able to glean that may have bearing on the most appropriate response to Defendant's motion to dismiss." (*Id.*) Paradise opposes both of Prather's pending motions.

## DISCUSSION

LR 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Despite Local Rule 7-2(d), I have reviewed the merits of the motion to dismiss. I agree with the analysis set forth in the motion, which justifies dismissing the Complaint. Moreover, Prather's Motion to Amend, Motion to Extend Time, and Status Report were all filed well after the deadline to file a response to the Motion to Dismiss.[1] Finally, after weighing the *Henderson* factors, I find that the interests of expeditious resolution of cases and the efficient management of

---

[1] "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54; *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

2

the court docket outweigh any risk of prejudice to Prather, given the apparent lack of merit to his claims (based upon a reading of the complaint). Dismissal without prejudice is a less drastic sanction than dismissal with prejudice, and allows for the possibility that Prather might be able to fashion a new complaint properly pleading his allegations and claims.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. #5) is **GRANTED in part.** Plaintiff's Complaint is dismissed without prejudice. It is further ordered that Plaintiff's Motion to Amend Complaint (#13) and Motion to Extend Time (#15) are **DENIED.**

DATED this 9th day of June, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3